| | |
|---|---|
| George Wayne Reid, ) | Case No 5:16-cv-3280-RMG |
| ) | |
| Petitioner, ) | |
| ) | ORDER AND OPINION |
| v. ) | |
| ) | |
| Warden Mansukhani, F.C.I. Estill, ) | |
| ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 28) recommending that the Court grant Respondent's motion for summary judgment.[1] For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. Respondent's motion for summary judgment (Dkt. No. 12) is granted.

**I. Facts**

Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Estill, South Carolina. He is projected to be released in July 2020. (Dkt. No. 12-1.) This Court adopts the facts as outlined in the R. & R. so provides only a brief summary here. (Dkt. No. 28 at 1-4.) In May 2015, during a random cell search, Petitioner was found to be in possession of several different types of pills for which he did not have active prescriptions. Following a disciplinary hearing at which he presented no witnesses, did not request staff representation, and

---

[1] Respondent has styled his motion as a motion to dismiss or, in the alternative, for summary judgment. Because Respondent's motion is largely based on information not included in the Petition, and the Magistrate and this Court have looked beyond the pleadings, this Court has treated the motion as one for summary judgment.

-1-

admitted to the charges against him, Petitioner was sanctioned with, among other things, the loss of forty-one days of good time credit. Petitioner now seeks restoration of the good time credit he lost, alleging that the BOP (1) neglected to field test or laboratory test the substances found in his cell, and (2) failed to give him a copy of the disciplinary hearing report ("DHO report") listing the evidence relied on and the reasons for the sanctions imposed. Respondent has moved for summary judgment, claiming that (1) Petitioner has not exhausted the BOP's internal administrative remedies available to him, and (2) Petitioner has received due process in connection with the disciplinary hearing and loss of good time credit.

## II. Legal Standard

### a. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material

facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### b. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). As Petitioner is proceeding *pro se*, his pleadings are considered under this liberal standard. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However,

"[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## III. Discussion

The Magistrate Judge has recommended that this Court grant Respondent's motion for summary judgment because (1) Petitioner failed to exhaust the BOP's administrative remedies, and (2) even if Petitioner exhausted his remedies, he has not shown that he was denied procedural due process. (Dkt. No. 28.) Petitioner has filed objections to both of the Magistrate's findings. (Dkt. No. 30.) Petitioner's objections generally restate his previous arguments. The Court has reviewed the record and determined that the Magistrate Judge correctly applied the controlling law to the facts of this case.

The Magistrate has provided a detailed description of Petitioner's administrative appeals and explained how Petitioner did not properly exhaust those appeals. (Dkt. No. 28 at 9-13.) Petitioner argues in his objections that the BOP was "aware of the attempts Petitioner made to exhaust [his administrative remedies] and . . . still denied his appeal as untimely." (Dkt. No. 30 at 2.) He says that after his appeal was inappropriately "deemed untimely," he "could not go any further to resolve his issue administratively." (*Id.*) The record shows that Petitioner's second BP-11 appeal was rejected because, although he had satisfied the untimeliness issue, he had failed to sign the appeal or to utilize the required parts of the form. (Dkt. Nos. 26-1 at 4; 12-3 at 4.) Petitioner's appeal was not denied because it was untimely, but because it was incomplete. The record therefore shows that Petitioner did not properly exhaust his administrative remedies.

-4-

Assuming, *arguendo*, that Petitioner had properly exhausted his administrative remedies, the Magistrate found that Petitioner had received all due process he was entitled to in connection with the loss of good time credits. In his objections, Petitioner claims only that he did not receive a copy of the DHO report following his hearing. Petitioner has a due process right to receive a copy of the DHO report. *See Wolff v. McDonnell,* 418 U.S. 539, 563–576 (noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore). However, Petitioner has no constitutional right to receive the DHO report within the 15-day period outlined in the BOP's regulations. *See Huang Mahsukhani,* C.A. No. 4:16-1269-BHH, 2016 WL 6694530, at *3 (D.S.C. Nov. 16, 2016) (noting that 15-day period to receive DHO decision is not mandatory, and petitioner failed to show that receipt outside the *ordinary* 15-day period violated his due process rights) (emphasis in original).

## IV. Conclusion

Because this Court finds that there is no genuine dispute of material fact about whether Petitioner properly exhausted his administrative remedies, this Court adopts the R. & R. as the order of the Court and GRANTS Respondent's motion for summary judgment. (Dkt. No. 12)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June ___, 2017
Charleston, South Carolina